YAEGER v. UNITED STATES.

No. 44331.

Court of Claims.

March 5, 1945.

William E. Carey, Jr., of Washington, D. C. (Fred B. Rhodes, of Washington, D. C., on the brief), for plaintiff.

Currell Vance, of Washington, D. C., and Francis M. Shea, Asst. Atty. Gen. (William A. Stern II, of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

Plaintiff sues to recover excess costs incurred as a result of the passage of the National Industrial Recovery Act, supra.

In February, 1933, he filed with defendant a bid to furnish it at stated prices such specified lumber and lumber products as might be ordered by the defendant during the fiscal year July 1, 1933, to June 30, 1934. His bid was accepted in June, 1933. A formal contract was entered into on June 29, 1933.

Between the time plaintiff put in his bid in February and June 29, 1933, the date of the contract, the prices of lumber had increased considerably, but plaintiff continued for some time to furnish such lumber as defendant ordered, although he appealed to defendant to give him relief either by increasing the prices agreed to be paid or by relieving him from the obligation of the contract altogether. However, plaintiff's resources were limited, and by December 21, 1933, they were exhausted, and hence plaintiff was unable to further perform his contract. On that date the Director of Procurement at the Treasury Department declared him in default, terminated his contract, and notified him that the lumber and lumber products covered by his contract would be procured from other sources and the difference in cost charged to him.

Plaintiff bought from others the lumber and lumber products which he contracted to furnish defendant. The cost of performing his contract up to the date of its cancellation was $7,541.34 more than it would have cost him at the prevailing prices when he put in his bid. Most of this increase came about after the passage of the National Industrial Recovery Act. Just how much was due to its passage it is impossible to ascertain with exactness from the proof. Indeed, it is not susceptible of exact proof. It is common knowledge that many factors entered into the increase in prices during this period. It is impossible to say how many cents of the increase was caused by one factor and how many by another. There can be no doubt, however, that the enactment of the National Industrial Recovery Act was the chief contributing factor.

Congress did not make it a condition of recovery that the plaintiff should show precisely how much of the increase was due to the passage of this Act. It was aware that

this could not be done and, so, it authorized us to render judgment "upon a fair and equitable basis." After careful consideration of all the facts and circumstances we have concluded, and have found as a fact, that $5,000 of this increase was caused by the passage of this Act.

### Counterclaim

 Defendant has filed a counterclaim for $42,774.91 under article 5 of the contract, which gives the defendant the right, on the contractor's default, to purchase the materials contracted for in the open market or to secure them by contract or otherwise, and to charge the contractor with the excess cost. The Commissioner has found that the defendant was actually put to excess costs in this way in the amount of $42,726.12. No exception thereto is taken. We are of opinion, however, that defendant is not entitled to recover under the facts of this case.

On June 16, 1934, Congress passed an Act, 48 Stat. 974, 975, permitting contractors with the United States to recover their excess costs as a result of compliance with the National Industrial Recovery Act. Later, to relieve contractors from the burden of the construction placed by the Comptroller General on this Act, Congress passed the Act of June 25, 1938, c. 699, 52 Stat. 1197, giving contractors the right to recover excess costs of performance of their contracts with the Government as the result of the enactment of the National Industrial Recovery Act. The intent of both of these Acts was to reimburse a contractor who had fulfilled his contract for his excess costs brought about by the act of the Government in passing the National Industrial Recovery Act, whose avowed purpose was to increase prices. It, therefore, would be contrary to the spirit of these two Acts for the Government to recover excess costs from a contractor where he had been unable to fulfill his contract on account of the increased costs to which he was put on account of the passage of the National Industrial Recovery Act. Had he completed his contract he would have been entitled to a judgment against the defendant for his increased costs. It necessarily follows that the defendant is not entitled to recover from him its excess costs of purchasing the goods where he could not complete his contract to furnish them on account of the passage of this Act. The defendant is not entitled to recover on its counterclaim.

The plaintiff may recover of the defendant the sum of $5,000, his excess costs of fulfilling his contract prior to default. Judgment for this amount will be entered. It is so ordered.

JONES, Judge, took no part in the decision of this case.